UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JEFFERSON DOTSON,

        Plaintiff,                  Case No. 1:07-cv-1037

v.                                             Honorable Paul L. Maloney

CALHOUN COUNTY SHERIFF'S
DEPARTMENT et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff James Jefferson Dotson presently is housed in the Calhoun County Jail. He sues the Calhoun County Sheriff's Department, Sheriff (unknown) Byam, Evercom, Inc., and Airway Foods.

According to Count 1 of the complaint, pre-paid telephone service provided by the Calhoun County Jail through Evercom, Inc., is excessively costly, amounting to price-gouging under unspecified law.   Plaintiff argues that charges for a 15-minute local telephone call total $9.10, an amount that Plaintiff alleges is nearly five times what he was charged in a Kentucky facility utilizing Evercom. According to the attachments to the complaint, Evercom offers prepaid calling cards that can be purchased by prisoners. Calls made on prepaid cards are charged as follows: a local call is charged a connection fee of $3.50, plus 35 cents for each minute of connection; an intra-state long distance is $4.60 plus $.80 for each minute; and an inter-state long distance call is $4.82 plus $1.90 for each minute. The charges include all applicable taxes and fees and are identical to charges for collect telephone calls.

Count 2 of the complaint alleges that Calhoun County colludes with commissary providers to charge excessive prices on items on the commissary list. Plaintiff alleges that prices for certain food items are as much as five times more expensive than in the local residential markets.

In Count 3, Plaintiff alleges that Airway Foods, who contracts with the Calhoun County Sheriff's Department to provide food service, does not provide adequate portions of meat, fruit and vegetables. Although Plaintiff does not allege that he is obtaining insufficient calories or nutrition, he appears to contend that the meals contain too many starches.

Count 4 alleges that Plaintiff has been denied access to the courts because the jail has not provided him sufficient copies of his complaint and attachments to permit service on each of the named Defendants.

Plaintiff seeks declaratory and injunctive relief. He also seeks class certification and has listed a number of individual proposed Plaintiffs who ostensibly seek to be represented in the action.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     Excessive Telephone Charges

Plaintiff claims that Defendants engaged in price-gouging by charging excessive pre-paid telephone usage rates. Construing the complaint generously, as the Court must do, *see Haines*, 404 U.S. at 520, I will assume that Plaintiff intends to raise a First Amendment challenge.

Incarcerated prisoners retain First Amendment rights, but those rights necessarily are circumscribed because of the legitimate penological and administrative interests of the prison

system.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that limitations on prisoner constitutional rights are valid if reasonably related to legitimate penological interests); *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (restrictions on First Amendment rights are controlled by the principles of *Turner*); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002) (same); *Vester v. Rogers*, 795 F.2d 1179, 1182 (4th Cir. 1986).  In the First Amendment context "prisoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000).  *See also Valdez*, 302 F.3d 1039 (holding that there is no First Amendment right to telephone access, instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a means of exercising this right"); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994) (holding that "an inmate has no right to unlimited telephone use").  Instead, "a prisoner's right to telephone access, if any, is subject to rational limitation based upon legitimate security and administrative interests of the penal institution." *Arney v. Simmons*, 26 F. Supp. 2d 1288, 1293 (D. Kan. 1998) (citing *Washington*, 35 F.3d at 1100).  The exact nature of the telephone service to be provided to inmates is generally to be determined by prison administrators.  *Boyer v. Taylor*, No. 06-694-GMS, 2007 WL 2049905, at *9 (D. Del. Jul. 17, 2007); *Harrison v. Federal Bureau of Prisons*, 464 F. Supp. 2d 552, 555-56 (E.D. Va. 2006).  "[D]ecisions made by prison officials regarding prison administration are entitled to significant deference." *Shue v. Herring*, 2006 U.S. Dist. LEXIS 73400, at *17-18 (M.D.N.C. Jan. 12, 2006) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

In determining the "reasonableness" of a particular penological limitation on First Amendment rights, a court considers the four factors articulated in *Turner*: (1) whether there is a valid, rational connection between the restriction and the legitimate governmental interest put

forward to justify it; (2) whether there are alternative means of exercising the right; (3) whether accommodating the asserted constitutional right will have a significant negative impact on prison guards and other inmates, and on the allocation of prison resources generally; and (4) whether there are obvious, easy alternatives to the restriction showing that it is an exaggerated response to prison concerns.  *Valdez*, 302 F.3d at 1048 (citing *Turner*, 482 U.S. at 89-90).  "'[A]bsent extraordinary circumstances, the courts may not second-guess prison administrators, nor should federal courts immerse themselves in the management of state prisons.'"  *Harrison*, 464 F. Supp. 2d at 555 (quoting *Shue*, 2006 U.S. Dist. LEXIS 73400, at *17-18).

It is beyond dispute that "prisoners are [not] entitled to a specific rate for their telephone calls."  *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).  *See also Orr v. Dawson*, 2006 U.S. Dist. LEXIS 68943, at *23-24 (D. Idaho 2006) (dismissing plaintiff's claim that defendants engaged in price gouging on the telephone service provided to inmates because "there is no authority for the proposition that prisoners are entitled to a specific rate for their telephonic calls") (citing Johnson, 207 F.3d at 656); *Woods v. Carey*, No. CIVS050049MCEDADP, 2005 WL 3436366, at *2 (E.D. Cal. Dec. 14, 2005) (dismissing plaintiff's claim that prison conspired with telephone company to overcharge prisoners for long distance telephone calls) (citing *Johnson*, 207 F.3d at 656); *Fulton v. MCI Worldcom, Inc.*, 2006 U.S. Dist. LEXIS 32037, at *5 (E.D. Cal. May 22, 2006) (recommending dismissal because the "[t]he First Amendment does not require that prisoners have their choice of telephone services or that they be given a specified rate for their telephone calls").  *Accord Smith v. Bradley*, No. 94-5351, 1995 WL 241996, at *3-4 (6th Cir. 1995) (holding that "merely replacing a collect-call telephone system with a direct-dial system does not alone implicate inmates' First Amendment

rights"). The Calhoun County Sheriff's Department unquestionably acted with a legitimate purpose to contract with Evercom to provide pre-paid telephone service. According to the documents attached by Plaintiff to the complaint, the amount charged by Evercom for prisoner calling cards is identical to the rates charged for collect calls made by prisoners. Plaintiff does not allege that he was completely denied access to either the telephone or other communication methods. Plaintiff therefore fails to allege a constitutional violation. "To hold otherwise would be to trivialize, and therefore undermine, a fundamental right." *Harrison*, 464 F. Supp. 2d at 555.

        B.        Commissary Overcharges

Plaintiff next claims that he has been subjected to price-gouging with respect to items carried in the jail commissary. Inmates have no federal constitutional right to be able to purchase items from a commissary. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we note that we know of no constitutional right of access to a prison gift or snack shop."); *Hopkins v. Keefe Commissary Network Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007). Because Plaintiff has no federal constitutional right to purchase commissary items, he has no right to purchase such items at a particular price or to prevent the charging of exorbitant prices. *Hopkins*, 2007 WL 2080480, at *5 (citing *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)); *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (stating that an inmate's claim that prison commissary charged "outrageous" prices for goods purchased through the prison commissary failed to state a constitutional claim). I therefore recommend that Plaintiff's complaint about commissary pricing be dismissed for failure to state a claim.

C.     Food Service

Plaintiff complains that the food provided by the Calhoun County Jail through Airway Foods is not adequate because the portions do not include adequate fruits, meats and vegetables. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.[1] Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff has failed to allege an Eighth Amendment claim based upon an alleged inadequate diet because he did not allege that he has been denied "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The Eighth Amendment protects prisoners from

---

[1] It is not clear from Plaintiff's complaint whether he is being held at the jail following conviction or whether he is a pre-trial detainee. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); see also *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

being deprived of food. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) (inmate "had a clearly established right not to be deprived of food and water"). However, "the food need not be tasty or aesthetically pleasing." *See Johnson v. Richardson*, No. 1:05-cv-609, 2005 WL 2465737, at *2 (W.D. Mich. Oct. 6, 2005) (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir.1977)). The mere fact that Plaintiff may not have received as many fruits or vegetables as he desires does not establish a deprivation of nutrition necessary to sustain his physical well-being. *See Cunningham*, 667 F.2d at 566 (one meal per day of "food loaf" that provides sufficient nutrition to sustain normal health does not offend the Constitution); *Shaw v. Worley*, No. 5:07CV-P35-R, 2007 WL 2461710, at *6 (W.D. Ky. Aug. 23, 2007) (dismissing Eighth Amendment claim against food service provider that complained of limitations on amounts and types of fruits and other dietary components but did not allege failure to incorporate all food groups or inadequate caloric allotment). Plaintiff has not alleged that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him. *See Shaw*, 2007 WL 2461710, at *6; *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215-16 (6th Cir. 2001) (rejecting Eighth Amendment claim based on assertion that he received only one cup of fruit as one of the six meals he received in one day). He therefore fails to state a deprivation of constitutional magnitude.

    D.  Access to Courts

Plaintiff alleges that he was denied access to the courts when Defendants declined to make copies of the instant complaint and attachments. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds*, the Court considered whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court held that, in addition to law libraries or alternative sources of legal knowledge, the states must provide

indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25.  An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997).  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).    Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Sixth Circuit repeatedly has held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery.  *See*, *e.g.*, *Bell-Bey,*

- 9 -

*v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. March 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. March 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 ("a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992); *Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery"); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines"). In the absence of actual injury, Plaintiff fails to state a claim of constitutional significance.

Here, Plaintiff cannot demonstrate actual injury. His complaint fails to allege a viable cause of action. It therefore is not the type of complaint for which Plaintiff had a constitutional right of access to the courts. *Lewis*, 518 U.S. at 353. Further, because Plaintiff's claim fails to state a claim, the refusal of Defendants to make copies did not cause any injury, as the action will not be served. He therefore was not entitled to photocopying. *Fazzini*, 1989 WL 54125, at *2.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  December 13, 2007                       /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).